# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MEHDIJAFFER ALLYAKBER MULLA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>THE UNIVERSITY OF MINNESOTA, )<br>THE REGENTS OF THE UNIVERSITY OF )<br>MINNESOTA, AND MICHAEL KIM, )<br>)<br>Defendants. ) | **COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

For the Complaint against the Defendants, The University of Minnesota and the Regents of the University of Minnesota ("University") and Michael Kim the above-named Plaintiff ("Mr. Mulla") states and asserts as follows:

## NATURE OF ACTION

1. Defendants' the University of Minnesota and Michael Kim committed a miscarriage of justice against the Plaintiff Mehdijaffer Mulla, a medical student attending the University of Minnesota. Mr. Mulla seeks redress from the University and the individual Defendant for due process violations; defamation; breach of contract; intentional infliction of emotional distress; negligent infliction of emotional distress; and deliberate indifference regarding the Defendants' exhibited in investigating sexual misconduct allegations against Mr. Mulla and the punishments that followed. The Defendants' conduct deprived Mr. Mulla of the most basic due process right of a prompt hearing following the disciplinary action of an indefinite suspension.

2. Mehdijaffer Mulla was at all relevant times a student at the University of Minnesota.

3. On November 14, 2019, Mr. Mulla was informed by Michael Kim, Assistant Dean of Student Affairs, he had received allegations of sexual misconduct. As a result, Mr. Mulla was suspended immediately. On November 19, 2019, Mr. Mulla received an email from Katherine Arnold, the Equal Opportunity and Affirmative Action office ("EOAA"), describing general reports of sexual misconduct from multiple unnamed individuals. As a result, the EOAA would be conducting an investigation to determine if the alleged conduct constituted a violation of the University's Student Conduct Code regarding sexual harassment.

4. The EOAA failed to advise Mr. Mulla of the allegations of misconduct, delayed interviewing critical witnesses, and violated their own guidelines without substantiating or allowing a response to any allegation. Defendants' similarly exercised a per se bias in failing to investigate or even mention the complainants' own violations of the Student Conduct Code.

5. On December 9, 2019, Mr. Kim emailed the student body asking for additional reports trying to solicit additional complaints and preemptively convict Mr. Mulla in the court of public opinion. Additionally, the act was a direct attempt to prejudice Mr. Mulla's ability to receive a fair and impartial investigation conducted by the EOAA.

6. The University of Minnesota and Mr. Kim continued to take actions that deprived Mr. Mulla of any semblance of a fair and impartial process. Mr. Mulla was immediately condemned by the Defendants and then punished with a suspension without a fair and impartial hearing. Over 150 days have passed where Mr. Mulla has been denied access to his education without being provided any evidence of the allegations. On November 14, 2019, Mr. Mulla made a formal request, through his counsel, to the University of Minnesota for a hearing to address the allegations and the request was denied. Mr. Mulla has renewed his request for due process by means of a prompt formal hearing several times since his suspension. Each time, the University of Minnesota denied his request without providing a timeline for disposition.

7. Mr. Mulla was improperly suspended from the University of Minnesota and has been deprived of higher education and his contractual rights without due process or equal protection of the law. Mr. Mulla was greatly damaged by being falsely cast as a stalker, a very public stigma he will never be able to escape. As a result of Defendants' conduct, Mr. Mulla's reputation is forever tarnished, has been deprived of his property and liberty without due process or equal protection, lost his student health insurance required to address his mental health issues, lost federal financial aid money that had already been used to pay for student housing, and has suffered severe emotional distress and financial damages. As a result of the indefinite suspension, Mr. Mulla was unable to complete the classes needed to complete the semester and was denied access to his education which has created irreparable damage to his academic and professional career aspirations.

8. By this lawsuit, Mr. Mulla seek redress for the harm suffered as a result of Defendants' tortious conduct.

## PARTIES

9. Plaintiff Mehdijaffer Allyakber Mulla is a natural person, citizen of the United States and resident of the State of Minnesota. During the events described herein, at all relevant times he was a full-time medical student at the University of Minnesota.

10. Defendant the Board of Regents was established in 1851 and is the University of Minnesota's governing board and shares the liability of any harm caused by the University of Minnesota. The Board of Regents policies articulate the University's mission, vision, and guiding principles. They also establish a framework for the President to achieve that vision. All other University policies, including administrative policies that provide rules and guidelines for implementing many of the Board's policies, must follow the expectations and intent set by the Board.

11. Defendant the University of Minnesota ("University") is a public research institution of higher education primarily located in the Twin Cities of Minneapolis and St. Paul Minnesota, which was created by charter and perpetuated by the Constitution of the State of Minnesota, Article XIII, Section 3.

12. Defendant Michael Kim is the Assistant Dean for Student Affairs and is a citizen of the State of Minnesota. Mr. Kim is sued individually and also in his official capacity as Assistant Dean for Student Affairs.

## JURISDICTION

13. This Court has Federal Question jurisdiction under 28 U.S.C. § 1331 because Mr. Mulla's claims arise under the Constitution and laws of the United States, including: Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, et seq.; Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d. et seq.; and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has supplemental jurisdiction over Mr. Mulla's state law claims under 28 U.S.C. § 1367 because Mr. Mulla's state law claims are so closely related to his federal law claims as to form the same case or controversy under Article III of the United States Constitution.

14. This Court has personal jurisdiction over the Defendants on the grounds that the University regularly does business in Minnesota and is deemed to reside in Minnesota; Mr. Kim is a citizen of and resides in Minnesota.

15. Venue for this action properly lies in this Court pursuant to 28 U.S.C. § 1391 because Defendants' resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Furthermore, the amount of Plaintiff's claims exceed $75,000.

## **FACTS**

16. The Committee on Student Scholastic Standing (COSSS) held a hearing to consider Mr. Mulla's dismissal from the Medical School and decided to suspend Mr. Mulla with a vote of 5-3 on December 21, 2017 due to violation of school policies.

17. On July 18, 2019, Mr. Mulla reappeared before the Committee on Student Scholastic Standing (COSSS) where the Committee removed Mr. Mulla's suspension and reinstated him. The COSSS included a provision on the reinstatement that "any further professionalism concern will result in your immediate suspension and a dismissal hearing" and removed Mr. Mulla's suspension reinstating him into the Medical School. Additionally, a separate provision indicated Mr. Mulla would need to provide the name of his psychotherapist to Mr. Kim and the University of Minnesota and provide quarterly reports to Defendants regarding his mental health treatment with said psychotherapist.

18. On November 14, 2019, Mr. Kim contacted Mr. Mulla and placed him on suspension after students allegedly raised concerns of sexual harassment that accused Mr. Mulla of inappropriate touching, asking inappropriate personal questions, and stalking.

19. Mr. Mulla has been suspended without a hearing for over 149 days without receiving a hearing to respond to the allegations and has never been provided with existing evidence relating to the allegations.

20. On November 19, 2019, Katherine Arnold of the University's Office of Equal Opportunity contacted Mr. Mulla providing a general description of the allegations and the investigation that would be conducted.

21. Pursuant to federal regulations implementing Title IX of the Education Amendments of 1972, the University has adopted policies and procedures for investigating claims of sexual misconduct in violation of its Student Conduct Code that expressly require a "fair and

impartial" investigation. Among other protections, University procedures require that accused students are entitled to notice which must identify the alleged violations and explain the basis for the allegations.

22. The University's policies declare a commitment to strong procedural fairness protections, including notice of the report and investigation, the opportunity to present evidence and identify witnesses, and an impartial and unbiased investigation and adjudication process within 75 days. This investigation has exceeded 150 days and presents anything but being fair and impartial. Instead, it has placed Mr. Mulla in a permanent abeyance without any remedy.

23. This "interim suspension" is a *de facto* expulsion in that Mr. Mulla is excluded from all classes, seminars, and university programs without substantiating the allegations.

24. The facts reveal that the University of Minnesota and Mr. Kim's mistreatment of Mr. Mulla throughout the investigation and lack of a hearing process were acts of intentional discrimination causing Mr. Mulla severe emotional distress.

25. In 2011, the U.S. Department of Education issued a now infamous "Dear Colleague" letter announcing that the Department expected colleges and universities to actively investigate and discipline claims of sexual misconduct using a preponderance of the evidence standard. The Department's expectation that schools would crack down on alleged sexual offenders was coupled with a thinly veiled threat that schools that failed to do so would be subject to investigation by the Department's Office of Civil Rights and a loss of federal funding.

26. In the six years after it was issued, the 2011 Dear Colleague letter was heavily criticized for fostering a witch-hunt mentality that unfairly predetermined the guilt of men accused of sexual misconduct and deprived them of due process and equal protection in Title IX investigations and disciplinary proceedings. In withdrawing the 2011 mandate in 2017, the U.S. Secretary of Education recognized that the 2011 mandate "through intimidation and coercion …

has clearly pushed schools to overreach." The Secretary went on to confirm that "[a]ny school that uses a system biased toward finding a student responsible for sexual misconduct also commits discrimination."

27. As a public institution that receives significant federal funding, the University of Minnesota is under pressure to punish men accused of sexual misconduct in order to demonstrate its compliance with the 2011 federal mandate.

28. Defendants' misconduct has caused Mr. Mulla significant current and future pecuniary damages. These actions have resulted in the loss of educational opportunities, interfered with professional development opportunities, personal reputation, and employment.

29. Defendants' misconduct has caused Mr. Mulla severe and irreparable reputational harm, resulting in his mistreatment by members of the University of Minnesota community and the general public that has ranged from embarrassment which has damaged him professionally to an abandonment of social connection. This has caused Mr. Mulla to suffer severe emotional distress, mental anguish, and loss of enjoyment of life which has manifested itself in [enhanced] clinically diagnosed depression, extreme anxiety, and other severe psychological disorders.

## COUNT ONE
### Violation of Title IX (42 U.S.C. § 1983)
### Against the University of Minnesota

30. Mr. Mulla reassert and incorporate all paragraphs hereinabove as if fully set forth herein.

31. Under 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

32.     The University intentionally engaged in conduct which created a procedural due process violation. Actual damages are alleged and without the action taken by the University Mr. Mull would not have been deprived of a liberty or property interest.

33.     The University's conduct caused Mr. Mulla to suffer significant injuries and damages as set forth above. Mr. Mulla is therefore entitled to an award of damages against the University in an amount to be determined at trial and to injunctive relief for those injuries for which there is no adequate remedy at law, and to prejudgment interest, attorney's fees, expenses, costs and disbursements.

## COUNT TWO
### Violation of Mr. Mulla's Fourteenth Amendment Due Process Rights (42 U.S.C. § 1983) Against Mr. Kim in his Official Capacities and Individual Capacity

34.     Mr. Mulla reassert and incorporate all paragraphs hereinabove as if fully set forth herein.

35.     The Fourteenth Amendment to the U.S. Constitution Provides that no State shall "deprive any person of life, liberty, or property, without due process of law." Mr. Mulla has a clearly established right under the Fourteenth Amendment to substantive and procedural due process before he can be deprived of his property rights to attend a public school.

36.     Mr. Mulla also having a clearly established right under the Fourteenth Amendment to substantive and procedural due process before the State can take action that alters or extinguishes Mr. Mulla's legal status in a way that deprives him of a liberty interest in his good name, reputation, honor, property and integrity.

37. Mr. Mulla has a private cause of action against Mr. Kim in his official capacity and in his individual capacities under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

38. Per the conduct set forth in detail in the foregoing Fact section, Mr. Kim, acting under color of state law via the power and authority they possessed by reason of his respective office with the University and with knowledge of Mr. Mulla's clearly-established Constitutional rights, violated those rights by taking actions that deprived Mr. Mulla of the due process to which he was entitled, to wit notice and a meaningful, prompt opportunity to be heard before an impartial decision maker. That without proper notice or without being heard Mr. Kim executed the decision to suspend and ban Mr. Mulla from the University of Minnesota without affording him any hearing or opportunity to respond.

39. Mr. Kim's violation of Mr. Mulla's due process rights caused Mr. Mulla to suffer significant injuries and damages as set forth herein. As against Mr. Kim in his individual capacity, Mr. Mulla is entitled to an award of damages in an amount to be determined at trial and is entitled to prospective injunctive relief for those injuries for which there is no adequate remedy at law, and to prejudgment interest, attorney's fees, expenses, costs and disbursements.

## COUNT THREE
### Violation of Mr. Mulla's Fourteenth Amendment Due Process Rights (42 U.S.C. § 1983) Against the University of Minnesota

40. Mr. Mulla reassert and incorporate all paragraphs hereinabove as if fully set forth herein.

41. The Fourteenth Amendment to the U.S. Constitution Provides that no State shall "deprive any person of life, liberty, or property, without due process of law." Mr. Mulla has a clearly established right under the Fourteenth Amendment to substantive and procedural due process before he can be deprived of his property rights to attend a public school.

42. Mr. Mulla also having a clearly established right under the Fourteenth Amendment to substantive and procedural due process before the State can take action that alters or extinguishes Mr. Mulla's legal status in a way that deprives him of a liberty interest in his good name, reputation, honor, property and integrity.

42. Mr. Mulla has a private cause of action against the University of Minnesota under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

43. Per the conduct set forth in detail in the foregoing "Fact" section, the University of Minnesota had knowledge of Mr. Mulla's clearly-established Constitutional rights, violated those rights by taking actions that deprived Mr. Mulla of the due process to which he was entitled, to wit notice and a meaningful, prompt opportunity to be heard before an impartial decision maker. That without proper notice or without being heard, the University of Minnesota executed the decision to suspend and ban Mr. Mulla from the University of Minnesota without affording him any hearing or opportunity to respond.

44. The University of Minnesota's violation of Mr. Mulla's due process rights caused Mr. Mulla to suffer significant injuries and damages as set forth herein. Mr. Mulla is entitled to an award of damages in an amount to be determined at trial and is entitled to prospective injunctive

relief for those injuries for which there is no adequate remedy at law, and to prejudgment interest, attorney's fees, expenses, costs and disbursements.

## COUNT FOUR
### Negligence
**Against Michael Kim in his Official and Individual Capacity**

45. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

46. Mr. Kim, as an official of the University, has a duty to the students and student body to facilitate their education, behave in accordance with the rules of the University, and at a minimum avoid harming individual students.

47. Mr. Kim breached this duty when he singled out Mr. Mulla and directly affected his ability to complete his education.

48. This breach of duty ultimately directly caused severe damages to Mr. Mulla.

49. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

50. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

## COUNT FIVE
### Defamation
**Against Michael Kim in his Official and Individual Capacity**

51. Mr. Mulla reassert and incorporate all paragraphs hereinabove as if fully set forth herein.

52. Regardless of whether he acted with any discriminatory motive or intent, Mr. Kim emailed faculty members of the University of Minnesota after rumors and innuendos were promulgated throughout the school. Mr. Kim solicited the student body to make reports to the

EOAA and improperly encouraged medical students to make reports which otherwise would have not being submitted against Mr. Mulla.

53. Mr. Kim submitted additional reports to the EOAA to bolster comments that falsely portrayed Mr. Mulla as guilty of stalking. These comments were false. At the time they were made, Mr. Mulla had not had any opportunity for a hearing on the allegations made to the EOAA's and the "facts" had not yet been determined. Nevertheless, while conveniently hiding behind the accused students' privacy rights to refuse to disclose details, Mr. Kim said just enough to paint Mr. Mulla as a stalker who posed a threat to women.

54. Had Mr. Mulla been afforded a fair hearing it would have been determined that these statements were false. At the very least, Mr. Kim's statements portraying him as a predatory offender which is undeniably false. These statements harmed Mr. Mulla's reputation and lowered his self-esteem in the community. Mr. Mulla received threats and was discarded by countless social media connections. Mr. Mulla cannot escape the stigma of the rumors spread by these actions and will continue to suffer the loss of educational, employment and professional opportunities.

55. The reputational damage caused by Mr. Kim's defamation has caused Mr. Mulla to suffer present and future pecuniary damages resulting from loss of educational opportunities and the loss of current and future employment opportunities. This reputational damage has caused Mr. Mulla to suffer severe emotional distress. Accordingly, as against Mr. Kim acting in his individual capacity, Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

**COUNT SIX**
**Negligence**
**Against the University of Minnesota**

56. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

57. The University has a duty to the students and student body, including but not limited to facilitating their education, creating policies and procedures to do so, to monitor its staff, to abide by the United States Constitution, and to fairly and accurately investigate potential disciplinary matters.

58. The University breached each of these duties as laid out above.

59. This breach of duty ultimately directly caused severe damages to Mr. Mulla.

60. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

61. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

## COUNT SEVEN
### Breach of Contract
### Against the University of Minnesota

62. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

63. The University offered Mr. Mulla a position in their medical program. Mr. Mulla accepted the position. Mr. Mulla's consideration was a deposit to secure his spot. The University's consideration was providing him a spot at the school. After being admitted, Mr. Mulla has paid a significant amount of money to the University. The implied contract between Mr. Mulla and the University was that in Mr. Mulla would pay the University for their educational services.

64. The University breached the contract between itself and Mr. Mulla when it suspended Mr. Mulla without due process.

65. The breach of contract ultimately caused severe damages to Mr. Mulla.

66. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

67. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

## COUNT EIGHT
### Intentional Infliction of Emotional Distress
### Against the University of Minnesota

68. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

69. The University has a duty and obligation to sustain from outrageous conduct and activities that would reasonably be seen to cause emotional distress to its students.

70. The University, through its official representatives, purposely participated in outrageous conduct, including but not limited to:

71. Soliciting for information from other students, sharing of Mr. Mulla's private information, disclosing of information to other students regarding Mr. Mulla's case;

72. Purposely violating Mr. Mulla's 14th Amendment rights to Due Process with notice that Mr. Mulla suffered mental health issues;

73. Mr. Kim emailing faculty members of the University of Minnesota after rumors and innuendos were promulgated throughout the school regarding Mr. Mulla;

74. Mr. Kim submitted additional reports to the EOAA to bolster comments that falsely portrayed Mr. Mulla as guilty of stalking – these comments were false.

75. The University's outrageous conduct and activities ultimately caused Mr. Mulla to suffer severe emotional and mental distress.

76. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

77. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

## COUNT EIGHT
### Intentional Infliction of Emotional Distress
### Against Mr. Kim in his Official and Individual Capacity

78. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

79. Mr. Kim has a duty and obligation to sustain from outrageous conduct and activities that would reasonably be seen to cause emotional distress to its students.

80. Mr. Kim purposely participated in outrageous conduct, including but not limited to:

81. Soliciting for information from other students, sharing of Mr. Mulla's private information, disclosing of information to other students regarding Mr. Mulla's case;

82. Purposely violating Mr. Mulla's 14th Amendment rights to Due Process with prior notice that Mr. Mulla suffered mental health issues;

83. Mr. Kim emailing faculty members of the University of Minnesota after rumors and innuendos were promulgated throughout the school of Mr. Mulla being a "school shooter" and informed them Mr. Mulla was not stable and could either hurt himself or others; and

84. Mr. Kim submitted additional reports to the EOAA to bolster comments that falsely portrayed Mr. Mulla as guilty of stalking – these comments were false.

85. Mr. Kim's outrageous conduct and activities ultimately caused Mr. Mulla to suffer severe emotional and mental distress.

86. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

87. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

## COUNT NINE
### Negligent Infliction of Emotional Distress
### Against the University of Minnesota

88. Mr. Mulla reasserts and incorporates all paragraphs hereinabove as if fully set forth herein.

89. The University has a duty and obligation to have and promote the well-being of its students.

90. The University was negligent when it did not take precaution to prohibit, mitigate, or stop the following conduct:

91. Soliciting for information from other students, sharing of Mr. Mulla's private information, disclosing of information to other students regarding Mr. Mulla's case;

92. Intentionally violating Mr. Mulla's 14th Amendment rights to Due Process;

93. Mr. Kim emailing faculty members of the University of Minnesota after rumors and innuendos were promulgated throughout the school of Mr. Mulla being a "school shooter" and informed them Mr. Mulla was not stable and could either hurt himself or others; and

94. Mr. Kim submitted additional reports to the EOAA to bolster comments that falsely portrayed Mr. Mulla as guilty of stalking – these comments were false.

95. The University's failure to prohibit, mitigate, or stop those conduct and activities ultimately caused Mr. Mulla to suffer severe emotional and mental distress.

96. These damages include, but are not limited to, Mr. Mulla being unable to complete his education, severe stigma by his peers, mental anguish and stress.

97. Mr. Mulla is entitled to an award of damages to compensate him for the loss and injuries in an amount to be determined at trial.

**REQUEST FOR RELIEF**

WHEREFORE, Mr. Mulla's respectfully requests for judgment against Defendants and asks the Court to:

a. Order injunctive relief as follows: (i) the University must immediately reinstate Mehdijaffer Allyakber Mulla as a student in good standing with all rights and privileges commensurate with that status; (ii) the University must expunge from Mr. Mulla's records and remove all references to any misconduct, together with any references of any disciplinary actions taken against Mr. Mulla that occurred from these allegations.

b. As against the University and against Mr. Kim acting in his individual capacity, award Mr. Mulla compensatory damages in an amount to be determined at trial but greater than seventy-five thousand dollars ($75,000.00).

c. Award Mr. Mulla his attorney's fees, disbursements, and costs pursuant to 42 U.S.C. § 1988(b) or pursuant to any other statute or common law doctrine providing for the award of attorney's fees, disbursements, and/or costs;

d. Award Mr. Mulla all interest allowed by law;

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   April 13, 2020

James S. Robbins # 0398228
Kowitz Law
PO Box 598
Lindstrom, MN 55045
Phone: (612) 200-2490
Email: James@kowitzlaw.com